United States District Court
Northern District of Indiana
South Bend Division

-FILED-

AUG 20 2018
ROBERT N. TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

Shaun L. Steele,

    Plaintiff,

Cause No 3:18CV 630

v.

Kathy Griffin, John Doe 1, John Doe 2, Indiana Department of Correction, State of Indiana, Sheriff Brad Rogers, John Perry,

    Defendants.

42 U.S.C. § 1983
Civil Complaint
Jury Trial Demand

## A. Jurisdiction

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1343; 42 U.S.C. § 1983, § 1985, and § 1986

## B. Parties

I. Plaintiff

2. Shaun L. Steele is the plaintiff and now resides at 26861 CR 26, Elkhart Indiana 46517.

II. Defendants

3. Kathy Griffin was the superintendent at Miami Correctional Facility

1.

and is being sued in her individual and official capacity.

4. John Doe 1 was the classification specialist at Miami Correctional Facility and is being sued in their individual and official capacity.

5. John Doe 2 was the classification specialist at Central Office for the Indiana Department of Correction and is being sued in their individual and official capacity.

6. Sheriff Brad Rogers is the Sheriff of the Elkhart County Sheriffs Department and is being sued in their Individual and official capacity.

7. Indiana Department of Correction

8. Miami Correctional Facility

9. State of Indiana

10. Cpl. Doering was the Court officer at the Elkhart County Sheriff's Department and is being sued in their individual and official capacity.

11. John Perry was the warden of the Elkhart County Sheriffs Department and is being sued in his individual and official capacity.

## C. Violations

12. Defendants are responsible for violation of plaintiffs right to due process of law, cruel and unusual punishment, false imprisonment, deliberate indifference, and negligence.

## D. Cause of Action

13. On or about July 16th, 2016, plaintiff Shaun L. Steele ("Steele"), was transported

from Miami Correctional Facility ("Miami") to the Elkhart County Sheriff's Department ("Elkhart County") for a court hearing in Superior Court 2 under cause number 20D02-1007-FC-60.

14. On or about Thursday, July 21st, 2016, a hearing was held by the Honorable Judge Bowers under cause number 20D02-1007-FC-60 where the Judge granted time to the plaintiff that he was owed because he had served the time in jail.

15. The Honorable Judge Bowers stated at the hearing on July 21st, 2016, "Mr. Steele shall be granted 196 days of jail time with equal earned credit time for a total of 392 days."

16. The court noted that at the time it was making this ruling that the plaintiff's current release date from cause number 20D02-1007-FC-60 was July 29th, 2017.

17. Calculating 196 days of jail time with equal earned credit time would make the plaintiff's release date move to July 2nd, 2016, where the plaintiff would be released to the suspended portion of his sentence to start a four (4) year probation term.

18. Because Judge Bowers recognized that giving the plaintiff the 392 days would entitle him to an immediate release, he ordered that the plaintiff be released.

19. After court, the plaintiff was taken back to the Elkhart County Sheriff's Department where he was not released.

20. From July 22nd, 2016, to about July 26th, 2016, the plaintiff sent electronic communications to Warden John Perry, Cpl. Doering and other staff such as Sheriff Brad Rogers; informing them that they were in violation of a court order and it constituted a false imprisonment.

21. The defendants at Elkhart County refused to do anything and were deliberately indifferent.
22. On or about July 23rd, 2016, defendant John Doe 2 at Central office called the court third party, misinforming them, and asking the court to allow the Department of Correction to be the one to calculate the plaintiff's credit time.
23. So Judge Bowers issued the exact same court order only leaving out the immediate release.
24. Once the plaintiff got back to Miami, he wrote to John Doe 1, John Doe 2, Kathy Griffin and Assistant Superintendent Sharon Hawk, explaining the court order, plaintiff's credit time and the defendant error.
25. The defendants failed to take any action.
26. John Doe 2 and John Doe 1 sent the defendant a new time calculation sheet where it stated it gave the plaintiff only 192 days, as if it was a time cut and moved the plaintiff's release date to January of 2017.
27. On or about October 17th, 2016, the plaintiff was sent to the Elkhart County Community Correction where he remained until January 1st, 2017. (Release to CTP work release)
28. On January 2nd, 2017, the plaintiff was arrested in Cass County for a 10 year old warrant over failure to pay on possession of a snapping turtle.
29. Elkhart County Community Correction ("ECCC") never checked to see where the plaintiff was at and charged him with an I.D.O.C. conduct report for escape where it was cause to violate plaintiff's work release.

30. Plaintiff was not released to probation until March 10, 2017.

31. So when the plaintiff was sent to work release on CTP, it was Eight Eight (88) days late. Even though the plaintiff was not supposed to have to go to work release as he was supposed to start probation as of July 21, 2016.

32. When the plaintiff was released to probation on March 10, 2017, he was actually released two hundred thirty one (231) days late.

33. Had the plaintiff not been released late; had the plaintiff not been sent to work release, the resulting I.D.O.C. conduct report and the pending charges in Cass County Michigan would never have taken place.

34. All orders and judgments of courts must be complied with promptly and it is for the court of last instance to determine the question of the validity of the law. Unless and until a court decision is reversed for error by orderly revue, either by itself or a higher court, its orders based on its decisions are to be respected, and disobediance of them is contempt of its lawful authority.

35. The plaintiff has had this problem once before where the I.D.O.C. kept him 471 days past his release date back in 2007. In Steele v. Wynn, et al., #1:10-CV-556-SEB-TAB, the plaintiff settled out of court for a sum of money. So again the defendant refused to follow a court order.

36. It can be considered retaliation as the plaintiff at the time of the July 2016 court order, already had a lawsuit against the defendants and a habeas corpus.

37. The acts of false imprisonment were knowingly done and completely intentional.

38. On August 9th, 2018, the plaintiff went to a probation violation hearing where the defendants failure to properly apply credit time was addressed. Judge Bowers, the State of Indiana, by Vicki Becker, and plaintiff's counsel all agree that the defendants failed to apply 196 days of credit time.

39. This is a clear admittance that the plaintiffs release date was supposed to be July 2nd, 2016, and the defendants falsely imprisoned him all the way until March 10th, 2017.

### E. Exhaustion

The plaintiff did completely exhaust the classification appeals process and even filed for habeas corpus relief.

### F. Request for Relief

40. The plaintiff requests compensatory damages in the amount of $231,000;
41. The plaintiff requests punative damages in the amount of $1,960,000;
42. Expunge the escape conduct report;
43. Credit the time from October 10th, 2016 through March 10th, 2017, toward his probation violation

I declare under penalty of perjury that the foregoing is true and correct.

August 12th, 2018  
Date

*Shaun Steele*  
Shaun L. Steele

Defendants Address for Summons

1. Kathy Griffin
2. John Doe 1
    3038 W. 850 S. Bunker Hill IN 46924

3. John Doe 2
4. Indian Department of Corrections
    402 W. Washington St., E-334 Indianapolis, IN 46204

5. State of Indiana
    402 W. Washington St., 5th Floor, Indianapolis, IN 46204

6. Sheriff Brad Rogers
    John Perry
    26861 CR 26 Elkhart, IN 46517

7. Cpl. Doering
    26861 CR 26 Elkhart, IN 46517

Shaun Steele, #67849
26861 CR 26
Elkhart, IN 46517

US District Court
204 S. Main St.
South Bend, IN 46601

467  466  466015  0V-281
4043180816-19222 0304
1
46601
PRSRT FIRST-
U.S. POSTA
Kalamaz
36