United States District Court
Northern District of Indiana
South Bend Division

Shaun L. Steele,
    Plaintiff,                    Cause No. 3:10-CV-00630

vs.

Kathy Griffin, et al.             Memorandum of Law in
    Defendant.                    Support of Civil Complaint.

"All orders and judgments of courts must be complied with promptly." Maness v. Meyers, 419 U.S. 449, 458 (1975) and it is for the Courts of First instance to determine the validity of the law. Howat v. Kansas, 258 U.S. 181, 190 (1922). Unless and until a Courts decision "is reversed for error by orderly review, either by itself or a higher Court, its orders based on its decisions are to be respected, and disobedience of them is Contempt of its lawful authority." Id. "If a person to whom a court directs an order believes that the order is incorrect, the remedy is to appeal or take other appropriate action, but absent a stay, he must comply promptly with the orders pending appeal. Maness, 419 U.S. at 485.

On July 21st, 2016, Judge Bowers of Superior Court 2 of the Elkhart Superior Courts, issued an order where it granted the plaintiff, Shaun Steele, 196 days of jail time and 196 days of equal earned credit (Ex A July 21st and July 26th, 2016; #20D02-1007-FC-60).

1.

When the court issued this order, it recognized that before calculating this time, the plaintiff's release date ("EPRD") was July 29, 2017. So calculating 196 days of jail time and 196 days of equal earned credit time, for a total of 392 days, brought the plaintiff's release date to July 2nd, 2016. (IC 35-50-6-3(b) a person assigned to credit class 1 earns one (1) day of good time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing.) Being that the Judge understood this, the Judge ordered the plaintiff's immediate release (ExA July 21 2016).

The plaintiff was taken back to the Elkhart County Jail where he sat and waited for staff of the Jail to call his name for release. Needless to say, the plaintiff's name was not called for release any time on July 21st, 2016; nor July 22 or July 23rd, 2016. All orders and judgments of courts must be complied with promptly... persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect. Maness v. Meyers, 419 U.S. 449, 95 S.Ct. 584, 591, 42 L.Ed.2d 574 (1978). Of course, parties, generally, should always obey court orders regardless of whether they think the orders are correct. Lewis v. S.S. Baune, 534 F.2d 1115, 1119 (5th Cir. 1976). When the staff of the Elkhart County Sheriff's Office contacted the Indiana Department of Correction to inform them that they were releasing the plaintiff, Elkhart County was told not to release the plaintiff. On July 26th, 2016, the classification supervisor for the Indiana Department of Correction called Judge Bowers third party and falsely told Judge Bowers that they are the ones to calculate credit time. Because of this unlawful third party communication with the court,

2.

Judge Bowers reissued the exact same order only omitting the section stating immediate release. A Judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the Judge outside the presence of the parties or their lawyers, concerning a pending or impending matter,... (Code of Judicial Conduct, Cannon 2, Rule 2.9). Any Justice, Judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might be questioned. Terrazas v. Slagle, 142 F.R.D. 136, 138 (W.D. Tex. 1992)(Ex A July 26" 2016).

On or about July 26, 2016, the plaintiff was transported back to Miami Correctional Facility. This is after the plaintiff had sent multiple communications to Sheriff Brad Rogers, Warden John Perry and the court officer Cpl. Doering.

The plaintiff wrote to Superintendant Kathy Griffin and also John Doe 1, informing them of their mistake. He also wrote John Doe 2 at Central office. John Doe 2 at Central office sent the plaintiff papers of the time calculation showing that the defendants only gave the plaintiff 196 days of jail time as if it was for a time cut. This moved plaintiff's release date to on or about January 19", 2017. A total of 196 days late. This is because defendants did not abide by the July 21st, 2016, nor the July 26" 2016 orders from Judge Bowers. Nowhere in the court order did the court say that the time was for a time cut. It was actually because it was for 196 days the plaintiff spent in jail prior to confinement on a case in 20D06-0903-CM-169 and 20A05-0908-CR-169. It was through a writ of habeas corpus and the defendants knowingly and intentionally failed to heed the court order and ignored

3

plaintiff's numerous requests to correct it and even falsely informed the courts in Miami on Habeas Corpus. Every inquiry that the plaintiff made into the incorrect calculation of his time, either through letters, classification appeals, or court motions and/or petitions, was met by the defendants with false information.

The incorrect calculation would have been fine pre 1983, but after 1983 the Indiana Statute changed. Viewing a sentencing statements credit time designation as a mere "recomendation" may be a relic from prior times. Previous statutes had required the sentencing Judge to "make recomendations as to credit for good time conduct for time spent in confinement prior to sentencing." Ind. Code §§ 35-8-2.5-1--5 (repealed in Acts 1979, public law 120, Section 22.) The present Statute specifying the content of the sentencing Judgment was enacted in 1983 and does not call for "recomendations" but simply requires that the "Judgment must include... the amount of credit, including credit time earned, for time spent in confinement before sentencing." Ind. Code §§ 35-38-3-2. Robinson v. State, 783 N.E.2d 1206 (Ind. Ct. App. 2003).

On July 21st and July 26th of 2016, had the Judge given the plaintiff a time cut for time not previously awarded for a vocational time cut, or a rehabilitative time cut or any other time cut covered by Indiana Statute, then his EPRD would have only moved the 196 days, to January 19th, 2017. But being that the time being awarded was for actual days spent in confinement, the plaintiff was entitled to have the actual days taken off of his maximum release date and the equal earned credit time taken off his EPRD; or as Judge Bowers said, move the release date by 392 days to July 2nd, 2016.

4

Because of defendants acts, the plaintiff was detained in prison 231 days longer than he should have been due to the "deliberate indifference and delay" of I.D.O.C. officials in correctly calculating his jailtime credit. Such a claim, if proven, would establish a violation of the Eighth Amendment right to be free from cruel and unusual punishment. See Campbell v. Peters, 256 F.3d 695, 700 (7th Cir. 2001).

With Judge Bowens Orders of July 21st and 26th, 2016, then the August 9th, 2018 order, there can be no doubt that the defendants held the plaintiff past his release date from July 21st, 2016 all the way to March 10th 2017. This was not through accident but through intent, deliberate indifference and retaliation. For it was not the first time an abstract of Judgment was ignored by them costing the plaintiff more time in prison than sentenced. (Summary Judgment ruling of Sep. 28th, 2012; #1:10-cv-556-SEB-TAB).

The constant continuation of the defendants and their coworkers to wrongly calculate the plaintiffs credit time, which has now cost the plaintiff a total of 702 extra days in prison, is not just deserving of compensatory damages but also punitive damages.

Deliberate Indifference has been demonstrated in those cases where prison officials were put on notice and then simply refused to investigate a prisoners claim of sentence miscalculation. Alexander v. Perrill, 916 F.2d 1392, 1398 (9th Cir. 1990).

*Shaun Steele*
Shaun Steele

5.