UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAUN L. STEELE,  )
    Plaintiff,  )
  )
  )
V.  )
  )  CAUSE NO. 3:18-cv-00630-PPS-MGG
  )
KATHY GRIFFIN, Et al.,  )

PRISONER COMPLAINT
42 U.S.C. 1983
2nd Amended Complaint

A. PLAINTIFF

1. SHAUN L. STEELE, D.O.C #994225
2. I am held at the Miami Correctional Facility
3. The address is 3038 W. 850 South, Bunker Hill, IN 46914
4. Did the things you are suing about happen in the place listed above

    ☒ Yes, it happened in the same facility I am being held at today.

    ☐ No, it happened at _____

5. Did the things that you are suing about, happen:

    ☐ Before you were confined, or

    ☐ When you were confined awaiting trial, or

    ☒ After conviction while confined serving a sentence.

B. Defendant(s) how many defendants are you suing: 9

*DEFENDANTS NAME/ JOB TITLE/ GOVERNMENT AGENCY*   *WORK ADDRESS*

1. Kathy Griffin; Superintendant at MCF; Indiana Department of Correction; 3038 W. 850 S., Bunker Hill In 46914;

2. Sharon Hawk; Assistant Superintendant; Indiana Department of Correction; 3038 W. 850 S., Bunker Hill In 46914;

2

3. Amy Clark; Classification at MCF; Indiana Department of Correction; 3038 W. 850 S., Bunker Hill In 46914;

4. Jeniffer Farmer; Classification at Central Office; Indiana Department of Correction; 302 W. Washington st., Indianapolis, In 46204;

5. Kimberly Smith; Counselor at MCF; Indiana Department of Correction; 3038 W. 850 S., Bunker Hill In 46914;

6. Brad Rogers; Sheriff of Elkhart County Sheriff's Department ("ECSD"); Elkhart County; 26861 CR 26, Elkhart In, 46517;

7. Cpl. Doering; Corporal of Elkhart County Sheriff's Department ("ECSD"); Elkhart County; 26861 CR 26, Elkhart In, 46517;

8. John Perry; Warden of Elkhart County Sheriff's Department ("ECSD"); Elkhart County; 26861 CR 26, Elkhart In, 46517;

9. Ms. Lauren; Supervisor of Elkhart County Community Correction ("ECCC"); Elkhart County; 201 N. Cottage ave., Elkhart In, 46516;

10. Charmonique Green; She is the Indiana Department of Correction counselor at ECCC; Elkhart County; 201 N. Cottage ave., Elkhart In, 46516;

**II GRIEVANCE PROCEDURE**

A. Is there a prisoner grievance system that would allow you to file a grievance about the things you are suing about?

☒ Yes   ☒ No

B. If yes, did you file a grievance about the things you are suing about?

☒ Yes
☒ No

If No, explain why: Some of the actions committed there is a grievance procedure and it was followed by the plaintiff. Some of the acts had to be dealt with by classification appeal and the plaintiff exhausted that. The plaintiff even went as far as to file a habeas corpus petition. So the plaintiff has exhausted all available administrative remedies and even the state remedies.

*III CAUSE OF ACTION WITH SUPPORTING FACT*

Write why you are suing each defendant. Write whom, what, where, and how you believe your rights were violated. It is very important that you use each defendant's name in describing what happened to you. If you do

3

not write what each defendant did, the Court will not know why you are suing and the defendant will be dismissed.

Explain what constitutional or federal law, right, privileges or immunity each defendant violated. Do not cite or quote case law and/or statutes. If you want to make legal arguments or citations, you must file a separate memorandum of law. Do not attach it to this complaint.

Write a new paragraph for each violation. Name each defendant involved in that violation. Number your Paragraphs. Use additional pages if necessary.

## I. FALSE IMPRISONMENT

1. Plaintiff started serving the sentence on July 6th, 2010 under cause number 20D02-1007-FC-00060.
2. On July 21st, 2016, taking into account all of the time calculation criteria under Indiana State Law and Indiana Department of Correction Policy 01-04-101, Classification, the plaintiff's release date ("PRD") was July 29th, 2017. On that date the plaintiff was due to be released to the suspended portion of his sentence (I.C. 35-50-6-1 (a)(3).
3. On June 30th, 2016, the plaintiff filed a petition for jail time credit under cause number 20D02-01007-FC-00060, to be credited for 196 actual days spent in confinement under cause number 20D06-0903-CM-000169 and 20A05-0908-CR-000469 before the cause was reversed and dismissed.
4. On July 16th, 2016, plaintiff was taken from Miami Correctional Facility ("MCF") to ECSD so that he could go to court on July 21st, 2016.
5. On July 21st, 2016, the Honorable Judge Bowers under cause number 20DO2-1007-FC-00060 issued the following order:

    "Cause coming on for hearing on defendants request for additional credit time. Sheriff produces defendant, pro se. State of Indiana appears by DPA Leslie Shively. Arguments heard. The Court awards and additional 196 days credit, plus equal good time credit against the sentence in this case. The court notes that the defendants EPR is 7/29/17 (corrected to this on 7-22-16) and with this award of credit time the defendants EPR should be 7/2/16. The court orders the defendant released this date pending no other holds. Amended Abstract Entered."

6. On July 21st, 2016 the abstract was sent to IDOC.
7. On July 21st, 2016 the abstract was sent to MCF.
8. The plaintiff was not released by the ECSD as the court order was issued. The ECSD by Brad Rogers, Cpl. Doering, and John Perry conspired with staff of the IDOC by Kathy Griffin, Amy Clark, Sharon Hawk, Kimberly Smith, and Jeniffer Farmer to continue to hold the plaintiff against court orders.

4

9. On July 26th, 2016, Jeniffer Farmer unlawfully, third party, contacted the Elkhart County Court and misinformed Judge Bowers in order to get him to remove the immediate release order so that the defendants be allowed to be the ones to calculate the plaintiffs release date.
10. Defendants were clearly aware of the risks that the plaintiff would be harmed if they did not calculate the plaintiff's credit time correctly as the court had ordered.
11. Defendants were clearly aware that the plaintiff had previously won a civil judgment against staff of MCF, IDOC and RDC (Steele V. Wynn, et al., #1:10-CV-00556-SEB-TAB) where they had already kept him 471 days past his release date against a courts order.
12. On July 26th, 2016, the court issued the exact same order only omitting the immediate release order in order allow the defendants to calculate the time.
13. On July 26th, 2016, Abstract of Judgment sent to IDOC and updated to allow for additional credit time with original sentencing date.
14. Plaintiff was sent back to IDOC by the defendants instead of released.
15. On July 28th, 2016, the court notified ECCC, MCF and the attorney general.
16. The plaintiff wrote letters and sent a copy of the court order to Kathy Griffin, Sharon Hawk, Amy Clark, and Jeniffer Farmer.
17. The plaintiff also exhausted all the classification appeal procedures, and filed for habeas corpus in the Miami County Courts.
18. Kathy Griffin, Sharon Hawk, Amy Clark, Kimberly Smith, and Jeniffer Farmer all conspired with each other in order to block the plaintiff's lawful release that was ordered by the court.
19. All these actions were also done in retaliation because of the plaintiff's prior litigation against some of the defendants and coworkers of the defendants. Plaintiff at the time also had pending litigation against some of the defendants for theft, retaliation and other state law claims. The plaintiff was having a real hard time with being given false conduct reports and with staff, including Kimberly Smith, falsifying plaintiff's classification (see section II).
20. On October 17th, 2016, the plaintiff was not released but was transferred to Elkhart County Work Release ("ECCC") under CTP.
21. In January of 2017, the plaintiff was then transferred to the Reception Diagnostics Center ("RDC") for IDOC and then transferred to Michigan City ("ISP").
22. Plaintiff was then released to probation on March 10th, 2017. A total of 231 days later than ordered by the judge in his July 21st, 2016 and his July 26th, 2016 orders.
23. On august 9th, 2018, the plaintiff went to a probation violation hearing on cause number 20D02-1007-FC-00060. At this hearing the judge and the state entered into discussions of the IDOC failure to credit the plaintiff the 196 days of credit time. The Judge, the State and the public

5

defender all agreed that the IDOC did fail to give the plaintiff the credit time back in July of 2016 (see CCS of 20D02-1007-FC-00060 for 08-09-2018).
24. So indeed the plaintiff was again held past his release date amounting to false imprisonment, deliberate indifference, intentional infliction of emotional distress, retaliation and more.

## II. DESTRUCTION OF EVIDENCE AND BLOCKING ACCESS TO THE COURT

25. As far as retaliation goes, the plaintiff was having serious problems with this at MCF already and it just kept getting worse when the plaintiff was granted the 196 days.
26. The plaintiff was in the plus program and had been complaining in grievances and classification appeals over his wrongful treatment, retaliatory classifications, false conduct reports and more that were perpetrated by Kimberly Smith, Sharon Hawk, Kathy Griffin, and other staff at MCF.
27. The plaintiff had already completed the entire Plus program once at CIC "successfully" and even graduated. Out of a retaliatory motive, he was denied his time cut over a class "C" conduct report which was against their own policy and procedure (policy states it must be one class "A" conduct report or two class "B's").
28. Then when he was near graduation from the Plus program at MCF, defendants conspired and removed him plaintiff from the plus program and cheating him out of his time cut again with no conduct reports at all (only the false conduct report from Kimberly Smith that the investigation found was false so was thrown out).
29. Defendants did anything they could to keep the plaintiff from obtaining any kind of early release. This included the 196 days ordered by the courts.
30. The staff even went so far as to destroy the plaintiffs property after he was sent back to RDC which included all his legal work that contained evidence against the defendants and legal work that was currently in the courts at the time on pending cases (including about $500 in property, a Fosil Watch, some cash, hygiene, publications, and shoes).This was done by order of Charmonique Green, IDOC, ECCC and Ms. Lauren.
31. This property was destroyed in January of 2017.
32. The plaintiff can show multiple retaliatory acts by the defendants Kimberly Smith, Sharon Hawk, Kathy Griffin, Ms. Lauren, Charmonique Green, Jeniffer Farmer, Amy Clark, and other coworkers of the defendants.

## IV PREVIOUS LAWSUITS

Have you ever sued anyone for the same things you wrote in this complaint?
☐ NO      ☒ YES- [Print or type the following information about the case]

**Court:** _____
**Judge:** _____    **Docket Number:** _____
**Date Filed:** _____    **Date Closed:** _____

## V. RELIEF

Write exactly what you want the court to do for you. This court cannot order that a defendant be fired, investigated, or criminally prosecuted.

1. The plaintiff requests compensatory damages jointly and severally against the defendants for $500,000 for all issues dealing with the 196 days and for another $10,000 dealing with the loss and/or destruction of his legal and personal property;

2. The plaintiff requests punitive damages jointly and severally against the defendants for $1,960,000 for the totality of claims in this complaint;

3. Issue an order for the defendants to credit the plaintiff for the time between October 17th, 2016 through March 10th, 2017;

4. Issue and order to expunge the last two conduct reports from plaintiff's history.

## JURY DEMAND

Pursuant to Fed. Civil Procedures Rule 38(b), Plaintiff hereby demands a trial by jury of all triable issues in this case.

*Shaun Steele*
Shaun L. Steele, *pro se*
DOC # 994225
Miami Correctional Facility
3038 W. 850 South
Bunker Hill, IN 46914