UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SHAUN L. STEELE,

    Plaintiff,

    v.                                         CAUSE NO. 3:18CV630-PPS/MGG

KATHY GRIFFIN, et al.,

    Defendants.

OPINION AND ORDER

Shaun L. Steele, a *pro se* prisoner, filed an amended complaint against ten defendants. ECF 15. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

According to the allegations of the amended complaint, in 2010 Steele began serving his State court sentence in Case No. 20D02-1007-FC-60. Pursuant to that sentence, his release date was calculated to be June 29, 2017. Then, in 2016, Steele filed a

petition with the Elkhart County Court requesting to be credited with 196 days. On July 21, 2016, Elkhart County Judge Bowers issued an order granting that petition, which credited Steele with 196 days and re-calculated his release date as July 2, 2016. Essentially, this was an order for immediate release. Nevertheless, Steele was not immediately released from custody. On July 26, 2016, Jeniffer Farmer, a classification officer at the Indiana Department of Correction, contacted Judge Bowers "in order to get him to remove the immediate release order so that the defendants be allowed to be the ones to calculate the plaintiff's release date." ECF 15 at 4. Later that day, Judge Bowers reissued his order. The order still credited Steele with the 196 days but omitted the release date. The IDOC calculated Steele's release date to be March 10, 2017. Steele notified Miami Correctional Facility Superintendent Kathy Griffin, Assistant Superintendent Sharon Hawk, Miami Classification Officer Amy Clark, Miami Counselor Kimberly Smith and Jeniffer Farmer that the IDOC's calculated release date was wrong because it did not take into account Judge Bowers' order. Nevertheless, they ignored him. On March 10, 2017, Steele was released on probation, 231 days later than previously ordered by Judge Bower. Steele seeks money damages for the days he spent incarcerated past his release date.

The crux of Steele's complaint is that he was held beyond his outdate. To prevail on an Eighth Amendment claim, Steele must plead that he was held beyond his outdate without penological justification, and that the prolonged detention was the result of the defendants' "deliberate indifference." *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). In other words, the detainment must amount to calculated harassment unrelated

to prison needs. *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013); *Whitman v. Nesic*, 368 F.3d 931, 934-35 (7th Cir. 2004). This, he has done as to some of the defendants. Steele explains that he was held beyond his outdate because the IDOC failed to credit him with 196 days. According to the complaint, Kathy Griffin, Sharon Hawk, Amy Clark, Kimberly Smith and Jeniffer Farmer all knew Steel was being held beyond his outdate but refused to do anything about it. ECF 15 at 4, 5. I recognize discovery may reveal that some or all these individuals did not have anything to do with either calculating Steele's outdate or holding Steele beyond it. In fact, discovery may show that Steele was not even held beyond his outdate. But, those questions are for another day. Giving Steele the inferences to which he is entitled at this point, he has plausibly alleged his prolonged detention was the result of these defendants' deliberate indifference.

Next, he alleges that all ten defendants retaliated against him for having filed a lawsuit against IDOC employees in 2010. To establish a claim of retaliation in violation of the First Amendment, the plaintiff must allege: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the defendants' action was motivated by the protected activity. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted).

Back in 2010, Steele, with the assistance of counsel, filed a civil rights lawsuit in federal court against five IDOC officials. That case is *Steele v. Donahue*, Case No. 1:10-cv-556 (S.D. Ind. filed May 4, 2010). The case was litigated in the Southern District of

Indiana and was ultimately settled between the parties. See ECF 64-68. None of the five defendants in that case is a defendant in this case. There's no question that Steele's filing of that earlier lawsuit constitutes protected activity, satisfying the first element of a First Amendment retaliation claim. But, Steele has not plausibly alleged any facts demonstrating that all ten defendants' actions toward him were motivated by that lawsuit. The simple fact that Steele's lawsuit predated his alleged mistreatment is not sufficient to show the required nexus. Though Steele chronicles being mistreated at various times, he does not allege anything to link the mistreatment to retaliation. As such, it is entirely unclear why Steele believes that all ten defendants were somehow motivated by that lawsuit.

Moreover, there does not seem to be anything about that prior lawsuit that would have triggered any such retaliation. While it is true that Steele filed a lawsuit, many prisoners file lawsuits against IDOC employees. And, moreover, the named defendants in this case are spread out between the Miami Correctional Facility, IDOC Central Office, the Elkhart County Sheriff Department and the Elkhart County Correctional Complex. So, it is even more perplexing as to why Steele believes that all these defendants were working together to retaliate against him for bringing and ultimately settling a lawsuit against five IDOC officials years ago. Without more, it is not plausible to conclude that all the defendants' alleged actions were motivated by retaliation. Steele must provide details about how the defendants knew about the prior lawsuit and why he believes the actions were retaliatory, which he simply has not done.

4

Finally, Steele claims that IDOC employee Charmonique Green and Elkhart County Correctional Complex employee Ms. Lauren destroyed his personal property while he was incarcerated. To address those allegations, Steele would have to pursue state remedies. Though the Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law", a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy."). Indiana's tort claims act (INDIANA CODE § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Thus, any property loss claim will be dismissed without prejudice so that he can pursue it in state court.

ACCORDINGLY:

(1) Plaintiff Shaun L. Steele is GRANTED leave to proceed against defendants Kathy Griffin, Sharon Hawk, Amy Clark, Jeniffer Farmer and Kimberly Smith for

5

keeping him incarcerated beyond his release date from July 21, 2016 through March 10, 2017, in violation of the Eighth Amendment;

(2) any and all other claims contained in the complaint are DISMISSED;

(3) Brad Rogers, Cpl. Doerring, John Perry, Ms. Lauren and Charmonique Green are DISMISSED as defendants;

(4) the clerk and the United States Marshals Service are DIRECTED to issue and serve process on Kathy Griffin, Sharon Hawk, Amy Clark, Jeniffer Farmer and Kimberly Smith at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 15) as required by 28 U.S.C. § 1915(d); and

(5) pursuant to 42 U.S.C. § 1997e(g)(2), Kathy Griffin, Sharon Hawk, Amy Clark, Jeniffer Farmer and Kimberly Smith are ORDERED to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 11, 2018.

/s/Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT